UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Derek Mortland, Individually**, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-2892 |
| v. | ) |
| | ) |
| **MKS Lodgings LLC,** an Indiana limited liability company, | ) Judge: |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Derek Mortland, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **MKS LODGINGS LLC**, an Indiana limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **MKS LODGINGS LLC** operates and owns a Sleep Inn & Suites and Conference Center located at 1244 West 16th St., Indianapolis, IN in Marion County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **MKS LODGINGS LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7. Plaintiff is paralyzed as a result of a spinal cord injury and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit as an overnight hotel guest and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is a race car enthusiast, as well as National Auto Sport Association (NASA) time trials driver and National Auto Sport Association driving instructor for the NASA Great Lakes Region. Mr. Mortland has been driving and instructing two to three times annually at Putnam Park Road Course west of Indianapolis every year since 2013 as well as attending banquets and functions for his motorsports clubs.

9. When Mr. Mortland drives and instructs events in the region he, and sometimes his wife, often spend an additional day in and around the city.

10. Additionally, Plaintiff himself is employed as an ADA speaker, consultant, expert and coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for private clients in Northern and Central Indiana.

11. Mr. Mortland has been a bona fide customer as an overnight guest at the property that forms the basis of this lawsuit. During the Plaintiff's stay on February 21-22, 2020 the Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and

engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

14. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

15. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

16. A preliminary inspection of the Sleep Inn & Suites and Conference Center, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

    A. Designated accessible parking ground surfaces have excess slope and cross slopes, in violation of the ADA whose remedy is readily achievable.

    B. The accessible parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

    C. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    D. There is greater than a ½ inch change in level at the entrance threshold to the hotel, in violation of the ADA whose remedy is readily achievable.

    E. There is no accessible route from the parking to the entrance due to the presence of curbs, in violation of the ADA whose remedy is readily achievable.

    F. There are mat and carpets not firmly secured, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms & Conference Center Restrooms (multiple set of restrooms share same barriers to access)

G. The men's restroom door lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

H. There are amenities in the men's room, including a paper towel dispenser, mounted above allowable height range, in violation of the ADA whose remedy is readily achievable.

I. The men's restroom toilet compartment lacks the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

J. The men's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

K. The men's room mirror is mounted above allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

L. The restroom lavatory drain and water pipes are not adequately insulated to protect against contact and scalding, in violation of the ADA whose remedy is readily achievable.

M. Upon information and belief, the women's restrooms contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

N. The registration desk's existing alternate counter is used for storage and display of hotel amenities and food products rather than for use as a guest accessible registration counter surface, in violation of the ADA whose remedy is readily achievable.

O. There are not two accessible means of entry to the swimming pool including no fixed pool lift, in violation of the ADA whose remedy is readily achievable.

P. The lobby dining area does not have at least 5% accessible seated or standing dining surfaces with required knee and toe clearances, heights and clear floor space, in violation of the ADA whose remedy is readily achievable.

Q. Some amenities in the breakfast area are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

R. The guest laundry room bill change machine contains operable parts in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

S. The guest laundry room door does not have required accessible maneuvering clearance at the latch side to exit the room, in violation of the ADA whose remedy is readily achievable.

T. The guest laundry room dryers are all located above allowable reach range to their operable parts, in violation of the ADA whose remedy is readily achievable.

U. The guest laundry room sink lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

V. The soap vending projects into the circulation path and presents a danger to visually impaired, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestroom #405

W. The lavatory mirror and vanity mirror are both located above allowable height from the finish floor to the bottom of the reflective surface, in violation of the ADA whose remedy is readily achievable.

X. The water closet does not have required clear floor space measured from the rear wall, in violation of the ADA whose remedy is readily achievable.

Y. The bathtub lacks a shower bench or removable shower chair, in violation of the ADA whose remedy is readily achievable.

Z. The bathtub grab bars lengths and placements are non-compliant, in violation of the ADA whose remedy is readily achievable.

AA. The bathtub faucet controls are not located between the rim and the centerline of the tub, in violation of the ADA whose remedy is readily achievable.

BB. The hand held sprayer is located above allowable reach range and does not have a non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

CC. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

DD. The guestroom thermostat is mounted in excess of allowable reach range to its operable parts, in violation of the ADA whose remedy is readily achievable.

Designated Accessible Guestrooms

EE. Upon information and belief, there are an insufficient total number, per the ADA implementing regulations, of mobility accessible guestrooms equipped with mobility features. Whereas, a hotel with 91 guestrooms is required to have five guestrooms equipped with mobility features, including one equipped with roll-in showers.

FF. Upon information and belief, Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel. Including the roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Policies and Procedures

GG. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in contravention of the ADA whose remedy is readily achievable.

17. The discriminatory violations described in Paragraph 16 by Defendant **MKS LODGINGS LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19. The hotel at issue, as owned and operated by **MKS LODGINGS LLC**, constitutes a

      public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

20. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

21. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

22. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
In. Code §22-9-1 et seq.

23. Plaintiff restates the allegations of ¶¶1-22 as if fully rewritten here.

24. **MKS LODGINGS LLC** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

25. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

26. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to S. District of Indiana